**TED LISCINSKI JR, LLC**
**Attorneys at Law**
**265 Davidson Avenue, Suite 200**
**Somerset, New Jersey  08873**
**(732) 469-9008**
Attorneys for Plaintiff/Trustee

| | |
|---|---|
| IN RE:<br><br>MARASEK, JAN<br>MARASEK, JOAN BYRON<br>                                Debtor(s) | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO.  08-30919 (MBK) |
| THEODORE LISCINSKI, JR.,<br>Trustee in Bankruptcy,<br><br>                           Plaintiff(s)<br><br>v.<br><br>JAN MARASEK, JOAN BYRON MARASEK, THE MARASEK TRUST, ALEXANDER MARASEK and CHRISTOPHER MARASEK<br><br>                           Defendant(s) | ADVERSARY NO.<br><br><br><br><br><br>**COMPLAINT TO RECOVER PRE-PETITION TRANSFERS PURSUANT TO SECTIONS 544, 547, 548, 549 AND 550 OF THE UNITED STATES BANKRUPTCY CODE AND TO VOID TRANSFER OF REAL PROPERTY** |

Theodore Liscinski, Jr., Trustee in Bankruptcy for MARASEK, JAN and MARASEK, JOAN BYRON, with offices located at 265 Davidson Avenue, Suite 200, Somerset, New Jersey, by way of Complaint against Defendants, says:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court has jurisdiction over the subject matter of the within adversary proceeding pursuant to 28 U.S.C. 1334(d), 157(a), and 157(b)(1).

2.      This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (F), and (O).

3.  Venue is proper in this district pursuant to 28 U.S.C. 1408(1) and 1409(2) in that MARASEK, JAN and MARASEK, JOAN BYRON are debtors in a case under Title 11 commenced in this district.

### THE PLAINTIFF

4.  JAN MARASEK and JOAN BYRON MARASEK are the subject of a Voluntary Chapter 13 Bankruptcy Petition filed on 10/27/2008 and converted to a Chapter 7 on 07/01/11. Plaintiff was appointed as the Chapter 7 Trustee.

5.  Plaintiff/Trustee is the duly appointed and acting Trustee of the Debtor pursuant to a Notice of Appointment dated 09/08/11.

### THE DEFENDANT

6.  Defendants, JAN MARASEK and JOAN BYRON MARASEK, husband and wife, are individuals who currently reside at 463 Monmouth Road, Jackson, NJ 08527.

7.  Defendant, THE MARASEK TRUST, is an entity form by the debtors and filed with the Ocean County Clerk's Office on 07/08/2008 in Book 14059, Page 1247.

8.  Defendants, ALEXANDER MARASEK and CHRISTOPHER MARASEK, are relatives of the debtors who reside in Jackson Hole, WY. As relatives of the debtors, said Defendants are considered to be "insiders" as defined by 11 U.S.C. 101(31)(A)(i) and 101(31)(C)(ii).

### FIRST COUNT: PRE-PETITION TRANSFERS

9.  Plaintiff/Trustee incorporates Paragraphs 1 through 8 as if same were set forth at length herein.

10. On or about 12/06/1977, the debtors/defendants purchased real property located at Block 154.26, Lot 13 in the Township of Jackson, Ocean County, NJ, by Deed recorded with the Ocean County Clerk's Office on 12/16/1977 in Book 3676, Page 306 for $85,000.00.

11. Thereafter, debtors placed said real property in a trust filed with the Ocean County Clerk's Office on 07/08/2008 in Book 14059, Page 1247. At the date of filing of said trust, debtors had eight (8) judgment liens filed against the subject real property for over $370,000.00.

12. On 10/27/2008, the Debtors filed a Voluntary Chapter 13 Bankruptcy Petition, which was converted to a Chapter 7 on 07/01/2011.

13. The transfer of assets by the Debtors to the Declaration of Trust was made within one year of the voluntary filing of the Debtor's Bankruptcy Petition. Said transfer was made with the deliberate intention of hindering, delaying or defrauding creditors. The Debtor received no value for the aforesaid transfer, and Debtor was insolvent at the time of the transfer. Therefore, said real property being held in trust, is considered to be part of the Bankruptcy Estate.

WHEREFORE, Plaintiff/Trustee demands judgment against the Defendants as follows:

(a) Declaring that the real estate transfer constitute an unauthorized fraudulent Pre-Petition transfer of assets under 11 U.S.C. 548,

(b) Ordering that the interest of defendant, THE MARASEK TRUST, in said real property, is part of the Bankruptcy Estate, and

(c) Granting Plaintiff/Trustee such other and further relief as may be just and proper.

## SECOND COUNT

14. Plaintiff/Trustee incorporates Paragraphs 1 through 13 as if same were set forth at length herein.

15. Debtors/defendants are the owners of real property located at Block 154.26, Lot 13 in the Township of Jackson, Ocean County, NJ.

16. On or about 07/08/2008, the debtors/defendants filed a Declaration of Trust on said property naming debtors as having the right to hold said property until their deaths in trust for defendants, ALEXANDER MARASEK and CHRISTOPHER MARASEK, for no valuable consideration.

17. At the time of said transfer, debtors/defendants had eight (8) judgment liens filed of record and attached to the subject real property. See Exhibit "A" attached hereto.

WHEREFORE, Plaintiff/Trustee demands judgment against the Defendants as follows:

(a) Declaring that the transfer of the real property by the debtors/defendants is void as a matter of law and equity, and that said transfer was without fair consideration and is a fraudulent transfer under 11 U.S.C. 544 and 547,

(b) Declaring that the aforesaid actions of the debtors/defendants rendered the transfer unenforceable and therefore property of the Estate under Section 541 of the United States Bankruptcy Code, and authorizing the Trustee to take title to the real property and dispose of it in accordance with the United States Bankruptcy Code, and

(c) Granting Plaintiff/Trustee such other and further relief as may be just and proper.

**TED LISCINSKI JR, LLC**
Attorneys for Plaintiff/Trustee

DATED: November 22, 2011        /S/ THEODORE LISCINSKI, JR.
                        By:_____
                        **THEODORE LISCINSKI, JR.**